# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 10. 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT STRATTON,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0878** (BOR Appeal No. 2048147)
(Claim No. 2005019073)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Robert Stratton, by Stephen P. New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2013, in which the Board affirmed a February 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 18, 2012, decision which denied a request to reopen the claim for additional permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stratton, a coal truck driver, was injured in the course of his employment on October 25, 2004, when the truck he was driving struck a pothole. The claim was held compensable for displacement of lumbar intervertebral disc without myelopathy and lumbosacral sprain. The claims administrator specifically denied the addition of lumbar radiculopathy/neuropathy to the claim. A treatment note by Joby Joseph, M.D., dated October 9, 2007, indicates Mr. Stratton underwent an EMG and NCV, which showed evidence of polyneuropathy but showed no evidence of lower extremity radiculopathy. Dr. Joseph stated that he seriously doubted Mr.

1

Stratton's symptoms were the result of a back injury, but the possibility could not be completely excluded at that time. He stated that critical care neuropathy needed to be considered because Mr. Stratton had a prolonged hospital stay due to a heart attack.

An independent medical evaluation was performed by Joseph Grady II, M.D., on October 23, 2008. Dr. Grady diagnosed chronic lumbosacral myofascial strain with reported disc herniation on the right at L5-S1 and found Mr. Stratton was at maximum medical improvement. He assessed 12% impairment and placed Mr. Stratton in Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). The impairment was adjusted to 8%. A second independent medical evaluation was performed by Robert Walker, M.D., on July 10, 2012. Dr. Walker assessed 18% whole person impairment. He placed Mr. Stratton in Lumbar Category III because he found right sided radiculopathy at L5-S1 in a dermatome pattern with calf atrophy and diminished ankle reflexes on the right. He adjusted his impairment rating to 13%.

The claims administrator denied a request to reopen the claim for additional permanent partial disability on September 18, 2012. The Office of Judges affirmed the decision in its February 15, 2013, Order. The Office of Judges previously considered the amount of permanent partial disability to be awarded in this claim on July 20, 2010. In that Order, the Office of Judges determined that the difference between Dr. Grady's independent medical evaluation and the independent medical evaluation of Julian Chipley, D.C., was the placement of Mr. Stratton in Lumbar Category II or III. The Office of Judges in that case determined that Mr. Stratton belonged in Lumbar Category II. In order to be placed in Lumbar Category III, a claimant must have significant signs of radiculopathy. The Office of Judges in the instant case determined that the claims administrator previously denied a request to add lumbar radiculopathy/neuropathy as a compensable component of the claim. Further, Dr. Joseph, a neurosurgeon, stated that he did not believe Mr. Stratton's symptoms were the result of a back injury. Dr. Walker opined that there were significant signs of radiculopathy; however, the Office of Judges reiterated that the claims administrator specifically denied the addition of lumbar radiculopathy to the claim. Also, Dr. Joseph conducted an EMG and NCV and found no evidence of lower extremity radiculopathy. Lastly, the Office of Judges noted that pursuant to West Virginia Code of State Rules § 85-20-66.2 (2006), a back examination form must be submitted with a narrative report and any report submitted without the form shall be disregarded. Dr. Walker failed to submit a back examination form with his independent medical evaluation.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its August 5, 2013, decision. On appeal, Mr. Stratton argues that Dr. Walker's report is just as reliable as the others of record despite his failure to submit a back examination form. Spartan Mining Company asserts that Dr. Walker's report is unreliable because he failed to follow the guidelines set forth in West Virginia Code of State Rules § 85-20-66.2. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Stratton has failed to meet his burden of proof under West Virginia Code § 23-5-3 (2009) to establish that he sustained an aggravation or progression of his compensable injury that would entitle him to a reopening of his claim for consideration of an additional permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman

Justice Brent D. Benjamin, disqualified